J-S25011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN DANIEL INGRAM, | |
| Appellant | No. 1262 EDA 2016 |

Appeal from the PCRA Order Entered April 7, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001698-2012

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 07, 2017**

Appellant, Jonathan Daniel Ingram, appeals *pro se* from the post-conviction court's April 7, 2016 order denying his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We briefly summarize the facts underlying Appellant's convictions, as follows:

> Detective Matthew Rowles of the Upper Darby Police Department was acting as the "on call investigator" on December 24, 2011.  Sometime between 1:00 a.m. and 2:00 a.m.[,] he responded to [a] call to 2366 Hyland Avenue in Upper Darby to investigate a home invasion and stabbing that had occurred minutes before the call.  While en route[,] Detective Rowles received a radio transmission advising him that the Lansdowne Police had taken a suspect into custody. [Appellant], who matched the description given by one of the victims - a white male with long red hair wearing a dark sweatshirt and jeans -was intercepted while climbing over a wall from Arlington Cemetery onto School Lane in Upper Darby.  Arlington Cemetery

is adjacent to 2366 Hyland Avenue. This residence is a three bedroom row home. The stabbing victim, Jennifer Hoban, lives in the residence with her boyfriend, John Miller, and her two daughters.

At about 1:56 a.m. on December 24, 2011[,] Ms. Hoban, her daughters and Mr. Miller were at home. While in their bedroom Ms. Hoban and Mr. Miller heard a noise in the house. Ms. Hoban went to check on one of her daughters and came upon a man with long red hair standing next to the door to her daughter's bedroom. The bathroom light was on and Ms. Hoban stood only a few feet from the man and started screaming. He came at her with a knife and stabbed her several times as she struggled with him. Mr. Miller heard Ms. Hoban screaming. He jumped from his bed and turned the bedroom light on. He ran into the hall and saw a man with two knives attacking Ms. Hoban. As Mr. Miller yelled, the man ran off; Mr. Miller chased him down the stairs, through the kitchen, and out of the back door. The stabbing took place in the upstairs hall outside the master bedroom. In the hallway[,] Mr. Miller stood about an arm's length from the intruder.

[Appellant] was detained at the School Lane location. While the stabbing victim was transported to the University of Pennsylvania Hospital, her boyfriend John Miller, was brought to School Lane by Detective Rowles in the rear seat of his police vehicle. When Detective Rowles and Mr. Miller arrived, [Appellant] was standing in the light of the police vehicle spotlight. He was handcuffed. Immediately upon his arrival and without any discussion, Mr. Miller said, "That's him. That's the guy that was in my house. That's the guy that stabbed Jen." Detective Rowles asked Mr. Miller "how sure was he" and Mr. Miller replied that he was "100%" sure. No more than twenty minutes had passed between the stabbing and Mr. Miller's identification.

PCRA Court Opinion (PCO), 6/6/16, at 7-8 (quoting Trial Court Opinion, 10/10/13, at 3-4) (citations to the record and footnote omitted).

After a jury trial, Appellant was convicted of two counts of aggravated assault, burglary, and possessing an instrument of crime. He was initially sentenced on March 26, 2013, to an aggregate term of 14 to 28 years'

incarceration, followed by 14 years' probation. He filed a timely direct appeal, and this Court vacated his sentence, and remanded for resentencing, for reasons irrelevant to the present appeal. *See Commonwealth v. Ingram*, 102 A.3d 518 (Pa. Super. 2014) (unpublished memorandum). On June 10, 2014, the trial court resentenced Appellant to a term of 15¼ to 30½ years' incarceration, followed by 14 years' probation. Appellant filed another timely appeal, and this Court affirmed Appellant's judgment of sentence on February 6, 2015. *See Commonwealth v. Ingram*, 120 A.3d 371 (Pa. Super. 2015) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 26, 2015, Appellant filed a timely, *pro se* PCRA petition.

Because it was [his] first PCRA petition, counsel was appointed to represent him. The *pro se* petition alleged that trial counsel provided ineffective assistance due to his failure to conduct an investigation into [Appellant's] whereabouts during the time of the home invasion, failure to challenge the identification that took place at the location of his arrest[,] and failure to secure DNA evidence and/or expert testimony to present at trial. Additionally, he alleged that the aggravated assault victim's in-court identification was impermissibly tainted. On September 29, 2015[,] appointed counsel filed an application to withdraw along with a [*Turner/*]*Finley*[1] "no merit" letter. After an independent review of the record[,] counsel's petition was granted and [Appellant] was given notice of the court's intent to dismiss the petition without a hearing.

On October 20, 2015[, Appellant] filed several motions including a "Motion to Proceed Without Counsel," a motion for

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[In Forma Pauperis] status, a motion for an extension of time in which to respond to the Notice of Intent to Dismiss and a discovery motion. These motions were disposed of in an Order entered on October 22, 2015. [Appellant] was granted an extension of time in which to respond to the Notice and on November 18, 2015[, Appellant's] "[R]esponse to Motion to Dismiss" was filed. The response alleged that in a plethora of areas trial counsel failed to investigate [Appellant's] case, resulting in his unjust conviction and subsequent incarceration. He alleged additionally, that appointed PCRA counsel failed to discuss pertinent issues relating to his case, thereby also providing ineffective assistance.

On November 19, 2015[,] the PCRA petition was dismissed. [Appellant] filed a timely Notice of Appeal. In an Order entered on December 10, 2015[, Appellant] was directed to file a Concise Statement of Errors Complained of on Appeal. [Appellant] did not file a Rule 1925(b) Statement. On December 23, 2015[, Appellant] filed a "Motion to Withdraw PCRA and Appeal." This motion was dismissed on January 6, 2016[,] because the matter was within the Superior Court's jurisdiction. On January 20, 2016[,] the PCRA court filed an Opinion in support of the decision dismissing [Appellant's] first PCRA petition.

On January 25, 2016[,] an Order [hereinafter, "Dismissal Order"] withdrawing [Appellant's] existing appeal was entered in the Superior Court. The [dismissal] order states that the appeal was withdrawn at [Appellant's] request and that "Appellant shall be permitted to apply for relief in the Court of Common Pleas via the [PCRA]...."

The PCRA petition [underlying the present appeal] was filed on February 29, 2016. The petition raises claims of PCRA counsel's ineffective assistance. Specifically, it is alleged that PCRA counsel provided ineffective assistance for failing to raise claims that trial counsel was ineffective for failing to raise a ***Brady***[2] claim, failing to present character testimony, and failing

---

[2] ***Brady v. Maryland***, 373 U.S. 83 (1963) (holding that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to either guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). We note that
*(Footnote Continued Next Page)*

to present the testimony of a DNA expert. On March 8, 2016[,] an Order notifying [Appellant] of the PCRA court's intent to dismiss his second petition without a hearing was entered. The court determined that the issues [Appellant] raises in this second petition have been waived. *See* [42] Pa.C.S.A. §§ 9543(a)(3); 9544(b). [Appellant] responded to the court's Notice on March 29, 2016. In this response[, Appellant] admits that he failed to comply with the PCRA court's Order to file a Rule 1925(b) Statement after appealing from [the denial of] his first PCRA petition because "it would [have] be[en] futile to file [a statement] as the issues that would [have] be[en] raised had not been filed in the original petition," and that he now "raises additional claims that the first PCRA and PCRA counsel did not in fact raise." He relies on the Superior Court's [Dismissal] Order granting [his] motion to withdraw his appeal and permitting him to apply for PCRA relief in the Court of Common Pleas as permission to ignore the PCRA's explicit requirements regarding "waiver."

PCO at 2-4 (some footnotes and citations to the record omitted).

Ultimately, the court found unconvincing Appellant's arguments that his claims were not waived based on the language of this Court's Dismissal Order. Accordingly, the court issued an order dismissing Appellant's petition on April 7, 2016. He filed a timely, *pro se* notice of appeal. The court did not order Appellant to file a Rule 1925(b) statement, but it issued an opinion on June 6, 2016. Herein, Appellant raises one question for our review:

I. Whether the [PCRA] court err[ed] in dismissing Appellant's subsequent PCRA petition in that (1) same was timely

(Footnote Continued) ————————————

our review of Appellant's petition demonstrates that he framed this issue as both a *Brady* violation, and as a violation of his due process rights under *Arizona v. Youngblood*, 488 U.S. 51 (1988) (holding "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"). *See* Appellant's *Pro Se* PCRA Petition, 2/29/16, at 5.

submitted, (2) same essentially "related back" to Appellant's original (first) PCRA petition, which had been denied, (3) Appellant had, before filing the second/subsequent petition, … effectively (though perhaps inarticulately) indicated that his intention was to file the equivalent of an amended petition in order to preserve all claims for appeal[,] and (4) both the original and subsequent PCRA petitions … endeavored to assert an actual innocence claim, with referral to evidence supporting that claim and, so, the PCRA court erred in not providing Appellant [with] the latitude to develop such claim further, with or without the effective assistance of counsel.

Appellant's Brief at 3 (unnecessary capitalization omitted).

Preliminarily, our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

In Appellant's *pro se* brief to this Court, he presents numerous claims, which he subsumes within one lengthy discussion that has no distinct sections or issue headings. This makes our meaningful review of his claims difficult, at best. From what we can glean, it seems Appellant is raising the following claims of trial counsel's ineffectiveness: (1) trial counsel ineffectively failed to adequately "investigate witness statements and the existence of exculpatory evidence," Appellant's Brief at 7; (2) counsel failed to pursue Appellant's claim that the Commonwealth violated his due process

by "facilitat[ing]" the destruction of "video evidence" that would have aided in his defense, *id.* at 7, 8 (relying on *Youngblood, supra*); (3) trial counsel acted deficiently by not having a "cloth" found near the scene of the crime "examined for DNA evidence," *id.* at 11; (4) trial counsel inadequately failed to challenge the inconsistencies in the descriptions of the perpetrator provided by witnesses in this case, and/or stress how those descriptions were not consistent with Appellant's appearance, *id.* at 12; (5) trial counsel acted ineffectively by not challenging the physical evidence found in this case, *id.* at 13-17; and (6) trial counsel deficiently "concede[d] to [Appellant's] guilt[,]" rather than presenting a defense on Appellant's behalf, *id.* at 17. Additionally, throughout his discussion, Appellant makes cursory claims that his PCRA counsel acted ineffectively. *See, e.g.*, *id.* at 7 (Appellant's claiming "he was denied effective assistance of counsel throughout his court processes, beginning even before his trial and through the PCRA process, by counsels' 'failure' to independently investigate witness statements and the existence of exculpatory evidence").

We begin by addressing the PCRA court's conclusion that Appellant has waived both his trial counsel, and PCRA counsel, ineffectiveness claims. *See* Pa.R.Crim.P. 907 Notice, 3/8/16, at 3 (notifying Appellant that the court was denying his petition because his claims are waived); PCO at 4-5 (discussing why Appellant's claims are waived). On appeal, Appellant does not even mention the PCRA court's determination that he has waived his claims, let alone present any meaningful challenge to that decision. Thus, on this basis

alone, we could conclude that he has failed to demonstrate that the PCRA court committed a legal error warranting the reversal of its order denying his petition.

In any event, we agree with the PCRA court that Appellant's claims are waived. First, we address his *trial counsel* ineffectiveness claims. We recognize that, in response to the PCRA court's Rule 907 notice, Appellant contended that his assertions of trial counsel's ineffectiveness were not waived in light of this Court's Dismissal Order, wherein we stated: "Appellant shall be permitted to apply for relief in the Court of Common Pleas via the [PCRA]…." *Per Curiam* Order, 1/25/16. Appellant seemingly asserted, in his response to the Rule 907 notice, that under the language of our Dismissal Order, his current petition should be considered as an *amendment* to his first PCRA petition.

Even had Appellant reiterated this argument herein, we would reject it. This Court's Dismissal Order **did not vacate** the order denying Appellant's first PCRA petition filed in February of 2015. Therefore, it is unreasonable to read our Dismissal Order as permitting Appellant to file an amendment to a petition which was denied by an order that we did not vacate. Rather, a rationale interpretation of our Dismissal Order is that it informed Appellant that he could file a second PCRA petition, and at most suggested to him that he could raise his claims of PCRA counsel's ineffectiveness therein. To the extent that Appellant attempted to raise claims of trial counsel's ineffectiveness in his second petition filed on February 29, 2016, we agree

with the PCRA court that such claims are waived because Appellant could have raised them in his first petition. *See* 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

We would also agree with the PCRA court that Appellant waived his PCRA counsel ineffectiveness claims, although not based on the same reason as provided by the PCRA court.[3] Rather, we conclude that Appellant's PCRA counsel ineffectiveness claims are waived due to his failure to meaningfully develop them in his PCRA petition, or on appeal. Notably, at no point in his petition did Appellant even mention PCRA counsel, let alone meaningfully

_____

[3] The PCRA court concluded that Appellant waived these claims because he raised them in response to the Rule 907 notice pertaining to his *first* PCRA petition, but he then withdrew his appeal from the denial of that petition, thus not "pursuing [his] claims of PCRA counsel's ineffective assistance to their conclusion...." PCO at 5. We need not examine whether the PCRA court's analysis is correct, as Appellant has clearly waived his PCRA counsel ineffectiveness claims for a different reason, discussed *infra*, and "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

discuss how that attorney acted ineffectively.[4]  Instead, Appellant only baldly stated that his claims were "layered claim[s] of ineffectiveness," and that there was a "combined ineffectiveness of counsel," after which he devoted the entirety of his argument to trial counsel's purported ineffectiveness. Appellant's PCRA Petition, 2/29/16, at 4, 6, 7.  Appellant repeats this same type of argument on appeal.  Specifically, he frames his assertions entirely in terms of trial counsel's ineffectiveness, only briefly mentioning his PCRA counsel's conduct, and not supporting those cursory comments with any accompanying discussion or argument.  Accordingly, on this basis, we agree with the post-conviction court that Appellant's PCRA counsel ineffectiveness claims are waived.

In sum, Appellant has failed to convince us that the PCRA court erred by concluding that the claims he seeks to raise herein are waived.  It is apparent that Appellant is attempting to assert issues that he could have presented in his first petition.[5]  Without some meaningful challenge to his

_____

[4] We recognize that the PCRA court stated that Appellant challenged PCRA counsel's ineffectiveness in his petition, but our review of that document does not support the court's conclusion.

[5] Indeed, it appears that at least some of the claims Appellant presented in his second PCRA petition *were* raised, in some fashion, in his first PCRA petition, thus making them previously litigated.  **See** 42 Pa.C.S. § 9544(a)(3) (stating "an issue has been previously litigated if[] … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence").  For instance, a large majority of Appellant's specific arguments suggest an overarching claim that his trial counsel failed to adequately investigate his whereabouts at the time of the stabbing, by seeking out
*(Footnote Continued Next Page)*

PCRA attorney's failure to present his desired claims in that first petition, we cannot conclude that this subsequent petition entitles him to relief.

Order affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Ransom concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017

---

*(Footnote Continued)*

video tape evidence from the bar where Appellant was located prior to the stabbing. The PCRA court points out that Appellant presented this same claim in his first petition, and the court "determined that [it] lacked arguable merit and that prejudice could not be found." PCO at 6. Herein, Appellant presents no challenge to the PCRA court's suggestion that this claim was previously litigated.